OPINION
{¶ 1} Appellant, Joel Marhefka, appeals from the August 2, 2001 judgment entry of the Juvenile Division of the Ashtabula County Court of Common Pleas, placing his daughter, Hannah Marhefka ("Hannah"), in the temporary custody of her mother, appellee, Beth Sintic.
 {¶ 2} Hannah, who was born on July 6, 1993, was residing with appellee, and appellee's boyfriend, George DeForrest ("DeForrest") in August 1999. On or about August 31, 1999, a case worker for the Ashtabula County Children Services Board ("ACCSB"), learned of allegations that Hannah had been sexually molested by DeForrest. ACCSB received an ex parte order of custody on February 8, 2000. On April 11, 2001, ACCSB filed a motion to terminate custody and return Hannah to appellee's custody. Appellant filed a motion for legal custody of Hannah on May 25, 2001. Hannah's guardian ad litem recommended that the parties develop a shared parenting plan. However, in spite of mediation efforts, the parties were unable to reach an agreement on such a plan. In a decision filed on July 18, 2001, the magistrate responsible for this matter denied appellant's motion for custody and awarded temporary custody to appellee.
 {¶ 3} Appellant filed objections to the magistrate's decision on August 1, 2001. The trial court overruled appellant's objection in an August 2, 2001 judgment entry. In a separate entry of the same date, the trial court ordered that Hannah be placed in the temporary custody of appellee, with ACCSB granted protective supervision of Hannah until November 2001.
 {¶ 4} Appellant has filed a timely appeal of the trial court's decision and makes the following assignments of error:
 {¶ 5} "[1.] The magistrate's decision of July 18, 2001, dismissing appellant's Motion for Custody and returning custody of [Hannah] to [appellee] was against the manifest weight of the evidence and an abuse of judicial discretion, based upon its finding that appellant's custody motion was facially inadequate.
 {¶ 6} "[2.] The magistrate's decision of July 18, 2001, dismissing [appellant's] Motion for Custody and returning custody of [Hannah] to [appellee] was against the manifest weight of the evidence and an abuse of judicial discretion, based upon its total misinterpretation of the [g]uardian ad [l]item's written report.
 {¶ 7} "[3.] The magistrate's decision of July 18, 2001, dismissing [appellant's] Motion for Custody and returning custody of [Hannah] to [appellee] was against the manifest weight of the evidence and an abuse of judicial discretion, based upon its implication that appellant's custody motion was untimely filed."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in dismissing his motion for custody on the basis of appellant's failure to state grounds for a change of custody. Juv.R. 19 requires that a motion filed with the juvenile court "shall state with particularity the grounds upon which it is made ***." Here, appellant's motion stated that appellant "respectfully requests that this Court grant him legal custody of [Hannah], pursuant to [R.C.] 2151.353(A)(3)." Appellant then cited R.C. 2151.353(A)(3) for the proposition that the trial court may award custody of an abused child to either parent who files a motion requesting legal custody prior to the dispositional hearing.
 {¶ 9} As the magistrate observed in her decision, appellant's motion failed to state why he was requesting custody, beyond the fact that R.C. 2151.353(A)(3) permitted him to move for custody. We cannot disagree with the trial court's conclusion that the mere reiteration of what R.C. 2151.353(A)(3) did not meet the particularity requirement set forth in Juv.R. 19. Therefore, appellant's first assignment of error is not well-taken.
 {¶ 10} In his second assignment of error, appellant contends that the magistrate misinterpreted the report of Hannah's guardian ad litem. The magistrate noted in her decision that the guardian ad litem had suggested that a shared parenting plan was in Hannah's best interest; however, the parties had failed to reach an agreement on such a plan. The magistrate also noted that the guardian ad litem was of the opinion that Hannah would be safe in appellee's care.
 {¶ 11} Appellant's assertion that the magistrate erred in finding that Hannah would be safe with her mother is premised on a statement that the guardian ad litem made with respect to counseling appellee received. In connection with appellee's counseling, the guardian ad litem's report stated: "I agree with Heather Clark, the therapist who had several sessions with Hannah, [appellant] and [appellee] that denial is a wonderful self-preserver but it often leaves those nearby in unsafe situations. I am not convinced that [appellee] will adequately protect Hannah." We would note, however, that this statement should be placed in the context of the overall report, in which the guardian ad litem, in spite of her concerns about appellee's fitness, recommended shared parenting, stating that "Hannah [would] benefit from spending time with both parents, without either of them having control over the other by having custody."
 {¶ 12} While the guardian ad litem's report is far from an unqualified endorsement of appellee's parenting skills, particularly in view of her statement that she was not convinced appellee would adequately protect Hannah, the recommendation of a shared parenting plan indicates that the guardian ad litem did, in fact, believe that Hannah would be safe in appellee's care. Also, the guardian ad litem's report is but one evidential factor considered by the magistrate.
 {¶ 13} The magistrate also noted that appellee had complied with her ACCSB case plan and that ACCSB was of the opinion that Hannah would be safe in the custody of appellee. Therefore, we cannot conclude that the magistrate erred in her determination that Hannah would be safe in the custody of her mother. Because the magistrate's decision was not inconsistent with the evidence before her, appellant's second assignment of error lacks merit.
 {¶ 14} Appellant posits, in his third assignment of error, that the magistrate erred in dismissing appellant's motion for custody because it was not filed in a timely manner. We would note that nowhere in the magistrate's decision is there a statement that appellant's motion was filed late. The magistrate did observe that appellant's motion was filed forty-four days after ACCSB indicated that it intended to return Hannah to appellee's care. However, the magistrate stated that appellant's motion was inadequate on its face because it did not state why appellant was requesting custody. Further, the trial court, in adopting the magistrate's decision, stated that "[appellant's] Motion for Legal Custody is dismissed for failure to state grounds for a change of custody." Because appellant's motion failed to comply with Juv.R. 19, and neither the trial court's judgment entry nor the magistrate's decision found appellant's motion to be untimely filed, the issue of the timeliness of appellant's motion is not properly before this court. Consequently, appellant's third assignment of error is without merit.
{¶ 15} For the foregoing reasons, the opinion of the Ashtabula County Common Pleas Court, Juvenile Division, is affirmed.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, dissents with dissenting opinion.